UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DONALD LAMAR GREEN,

        Petitioner,

vs.                              Case No. 3:18-cv-1327-HES-PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

### I.  STATUS

Petitioner, Donald Lamar Green, is proceeding on a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1).  He challenges a state court (Duval County, case 16-2010-CF-4116) conviction for aggravated battery in a detention facility. [1]

---

[1] Although Petitioner references two convictions, aggravated battery with a deadly weapon and possession of a concealed weapon by a convicted felon, Petition at 1, he stands convicted of only one offense in case 16-2010-CF-4116: aggravated battery in a detention facility.  The state nol prossed the possession count, count three, and the First District Court of Appeal (1st DCA) reversed the conviction for aggravated battery with a deadly weapon finding the dual convictions for aggravated battery with a deadly weapon and aggravated battery in a detention facility constituted double jeopardy.  Green v. State, 84 So. 3d 356, 357 (Fla. 1st DCA 2012) (per curiam).  The Court will liberally construe the Petition as presenting a challenge to the remaining count for which Petitioner stands convicted: aggravated battery in a detention facility.

Respondents filed a Response (Response) (Doc. 7). Petitioner filed a Reply to Respondents' Response (Reply) (Doc. 15).[2]

Petitioner raises seven grounds of ineffective assistance of counsel in the Petition. Respondents calculate the Petition is timely. Response at 9-11. Petitioner accepts this calculation. Reply at 3. Respondents posit that all of the claims are exhausted, Response at 11-12, and Petitioner agrees. Reply at 3. Respondents submit that the arguments set forth in Petitioner's Rule 3.850 post-conviction motion are more detailed and consequently Respondents rely on those arguments and the state court's order denying post-conviction relief in addressing Petitioner's claims. Response at 17 n.5. Petitioner agrees with Respondents' assessment. Reply at 3.

## II. EVIDENTIARY HEARING

"In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citations omitted), cert. denied, 137 S. Ct. 2245 (2017). To be entitled to an evidentiary hearing, a petitioner must allege "facts that, if true, would entitle him to relief." Martin v. United

---

[2] Respondents filed an Appendix (Doc. 7). The Court hereinafter refers to the exhibits contained in the Appendix as "Ex." The Court also references the docket and page numbers assigned by the electronic filing system.

States, 949 F.3d 662, 670 (11th Cir.) (quoting Aron v. United States, 291 F.3d 708, 715 (11th Cir. 2002)) (citation omitted), cert. denied, 141 S. Ct. 357 (2020). See Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) (opining a petitioner bears the burden of establishing the need for an evidentiary hearing with more than speculative and inconcrete claims of need), cert. denied, 565 U.S. 1120 (2012); Dickson v. Wainwright, 683 F.2d 348, 351 (11th Cir. 1982) (same).

Of note, "[w]here a petitioner fails to allege sufficient facts to satisfy the prejudice prong of the Strickland[3] standard, it is unnecessary to hold an evidentiary hearing to resolve disputed facts relating to the allegedly deficient performance of trial counsel." Barksdale v. Dunn, No. 3:08-CV-327-WKW, 2018 WL 6731175, at *108 (M.D. Ala. Dec. 21, 2018) (not reported in F. Supp.) (citing Bester v. Warden, 836 F.3d 1331, 1339-40 (11th Cir. 2016)), cert. denied, 141 S. Ct. 2523 (2021). Furthermore, if the allegations are contradicted by the record, patently frivolous, or based upon unsupported generalizations, the court is not required to conduct an evidentiary hearing. Martin, 949 F.3d at 670 (quotation and citation omitted).

---

[3] Strickland v. Washington, 466 U.S. 668 (1984).

Here, the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief; therefore, this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).   Upon review, Petitioner has not met his burden as the record refutes the asserted factual allegations or otherwise precludes habeas relief; therefore, the Court finds Petitioner is not entitled to an evidentiary hearing.   Schriro v. Landrigan, 550 U.S. 465, 474 (2007).

### III.   HABEAS REVIEW

Federal courts are authorized to grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Lee v. GDCP Warden, 987 F.3d 1007, 1017 (11th Cir. 2021) (quoting 28 U.S.C. § 2254), petition for cert. filed, (U.S. Sept. 22, 2021).   For issues previously decided by a state court on the merits, this Court must review the underlying state-court decision under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).   In doing so, a federal district court must employ a very deferential framework.   Sealey v. Warden, Ga. Diagnostic Prison, 954 F.3d 1338, 1354 (11th Cir. 2020) (citation omitted) (acknowledging the deferential framework of AEDPA for evaluating issues previously decided in state court), cert. denied, 141 S. Ct. 2469 (2021);

4

Shoop v. Hill, 139 S. Ct. 504, 506 (2019) (per curiam) (recognizing AEDPA imposes "important limitations on the power of federal courts to overturn the judgments of state courts in criminal cases").

Thus, "[u]nder AEDPA, a court cannot grant relief unless the state court's decision on the merits was 'contrary to, or involved an unreasonable application of,' Supreme Court precedent, or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" McKiver v. Sec'y, Fla. Dep't of Corr., 991 F.3d 1357, 1364 (11th Cir. 2021) (citing 28 U.S.C. § 2254(d)(1)-(2)), cert. denied, No. 21-5509, 2021 WL 5043677 (Nov. 1, 2021).   The Eleventh Circuit instructs:

> A state court's decision is "contrary to" clearly established federal law if the state court either reaches a conclusion opposite to the Supreme Court of the United States on a question of law or reaches a different outcome than the Supreme Court in a case with "materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).   "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle" from Supreme Court precedents "but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413, 120 S. Ct. 1495.

Lee, 987 F.3d at 1017-18.   Therefore, habeas relief is limited to those occasions where the state court's determinations are unreasonable, that is, if no fairminded jurist could agree with them.   McKiver, 991 F.3d at 1364.

This is a high hurdle, not easily surmounted.   If the state court applied clearly established federal law to reasonably determined facts when determining a claim on its merits, "a federal habeas court may not disturb the state court's decision unless its error lies 'beyond any possibility for fairminded disagreement.'"   Shinn v. Kayer, 141 S. Ct. 517, 520 (2020) (per curiam) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).   Also, a state court's finding of fact, whether a state trial court or appellate court, is entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1).   "The state court's factual determinations are presumed correct, absent clear and convincing evidence to the contrary."   Sealey, 954 F.3d at 1354 (quoting 28 U.S.C. § 2254(e)(1)).   See Hayes v. Sec'y, Fla. Dep't of Corr., 10 F.4th 1203, 1220 (11th Cir. 2021) (Newsome, Circuit Judge, concurring) (recognizing the universal requirement, applicable to all federal habeas proceedings of state prisoners, set forth in 28 U.S.C. § 2254(e)(1)).   This presumption of correctness, however, applies only to findings of fact, not mixed determinations of law and fact. Brannan v. GDCP Warden, 541 F. App'x 901, 903-904 (11th Cir. 2013) (per curiam) (acknowledging the distinction between a pure question of fact from a

mixed question of law and fact), cert. denied, 573 U.S. 906 (2014). Furthermore, the second prong of § 2254(d), requires this Court to "accord the state trial court [determination of the facts] substantial deference." Dallas v. Warden, 964 F.3d 1285, 1302 (11th Cir. 2020) (quoting Brumfield v. Cain, 576 U.S. 305, 314 (2015)), cert. denied, No. 20-7589, 2021 WL 4507902 (U.S. Oct. 4, 2021). As such, a federal district court may not supersede a state court's determination simply because reasonable minds may disagree about the finding. Id. (quotation and citation omitted).

Finally, where there has been one reasoned state court judgment rejecting a federal claim followed by an unexplained order upholding that judgement, federal habeas courts employ a "look through" presumption: "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (Wilson).

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are "governed by the familiar two-part Strickland standard." Knight v. Fla. Dep't of Corr., 958 F.3d 1035, 1038 (11th Cir. 2020), cert. denied, 141 S. Ct. 2471 (2021). Pursuant to this standard, "a defendant must show that (1) his counsel's performance was

7

deficient and (2) the deficient performance prejudiced his defense. Strickland, v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). We need not address both prongs if a petitioner makes an insufficient showing on one prong. Id. at 697, 104 S. Ct. 2052." Fifield v. Sec'y, Dep't of Corr., 849 F. App'x 829, 833 (11th Cir. 2021) (per curiam), petition for cert. filed, (U.S. Oct. 14, 2021) (No. 21-5959).

To prevail, a petitioner must successfully show his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" as well as show "the deficient performance prejudiced the defendant, depriving him of a 'fair trial, a trial whose result is reliable.'" Raheem v. GDCP Warden, 995 F.3d 895, 908 (11th Cir. 2021) (quoting Strickland, 466 U.S. at 687), petition for cert. filed, (U.S. Nov. 23, 2021). Additionally,

> because "[t]he standards created by Strickland and § 2254(d) are both 'highly deferential,' . . . when the two apply in tandem, review is 'doubly' so. Harrington [v. Richter, 562 U.S. 86, 105 (2011)] (internal citations and quotation omitted). Thus, under § 2254(d), "the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Tuomi v. Sec'y, Fla. Dep't of Corr., 980 F.3d 787, 795 (11th Cir. 2020), cert. denied, 141 S. Ct. 1721 (2021).

## V.   GROUND ONE

In ground one, Petitioner raises a claim of ineffective assistance of trial counsel for failure to object to the state's introduction of a weapon that had nothing to do with the charged offense.   Petition at 5.   Upon review, he raised a comparable claim in his post-conviction motion, asserting counsel failed to object to the introduction of a wooden toilet brush handle, eleven inches long, that had been fashioned into a shank even though Officer Hixson who observed the incident described the shank as being about seven inches long and made from what appeared to be a white plastic comb or brush.   Ex. 37 (Doc. 7-37 at 10-16).

Applying the <u>Strickland</u> standard, the circuit court denied this claim of ineffective assistance of trial counsel.   <u>Id</u>. at 40-42.   Petitioner appealed the denial of post-conviction relief and the 1st DCA affirmed per curiam.   Ex. 38 (Doc. 7-38 at 2-3).   The mandate issued on October 24, 2018.   Ex. 39 (Doc. 7-39 at 2).

In denying post-conviction relief, the circuit court properly applied the two-pronged <u>Strickland</u> standard of review.   Thus, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected these claims based on <u>Strickland</u>.   Further, Petitioner has not shown the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts.

9

Indeed, upon review, the state court was objectively reasonable in its Strickland inquiry.   Furthermore, the 1st DCA affirmed.

The circuit court provided a detailed, written decision denying post-conviction relief.   Ex. 37 (Doc. 7-37 at 36-55).   Although finding there was no conclusive evidence to demonstrate that the toilet brush was the weapon used in the attack, the circuit court found Petitioner's action of stooping to stuff something down the drain of the recreation field immediately after the attack, as evidenced by the videotape, combined with Officer Hixson's testimony that the item found was consistent with the object he had seen in Petitioner's hand during the attack was "sufficient to make the wire twist toilet bowl brush relevant and admissible."   Id. at 41.   Furthermore, the court found Petitioner's argument "goes to the weight and not the admissibility of the item."   Id.   As such, the court found any objection or motion to exclude the evidence would have been denied.   Id. at 42.

Counsel did not perform deficiently by failing to raise a meritless objection.   See Hollis v. United States, 958 F.3d 1120, 1124 (11th Cir. 2020) (per curiam) (failure to raise meritless objection not constitutionally ineffective).   The circuit concluded it would be a meritless argument to make; therefore, counsel did not perform deficiently in failing to make the argument. Additionally, the court found Petitioner failed to satisfy the prejudice prong of

Strickland based on the fact that Petitioner failed to demonstrate the outcome of his trial likely would have been different if counsel had sought exclusion of the toilet brush.   Without satisfying the performance and prejudice prongs as set forth in Strickland, Petitioner cannot prevail on his claim of ineffective assistance of counsel.

To the extent Petitioner is also complaining about the introduction of the red shank that appeared to be fashioned from a toothbrush, Detective Gagnon attested that he gathered that object simply because he could not leave a shank once it had been discovered on the compound.   Ex. 37 (Doc. 7-37 at 42).   No witnesses attested that this shank had been used by Petitioner during the attack of the victim.   Id.   Of note, Officer Hixson did not testify that the item was in any way consistent with the object seen in Petitioner's hands during the attack.   Finding Petitioner failed to satisfy the prejudice prong, the court decided not to address the performance prong of the two-part test concerning this object.

As the threshold standard of Strickland has not been met, Petitioner has failed to demonstrate that his state court proceeding was fundamentally unfair and his counsel ineffective.   Thus, Petitioner has failed to demonstrate a Sixth Amendment violation under the United States Constitution.   The Court

11

concludes Petitioner is not entitled to habeas relief on ground one of the Petition.

The 1st DCA's decision, although unexplained, is entitled to AEDPA deference.   Ex. 38 (Doc. 7-38).   Applying the look through presumption described in <u>Wilson</u>, the state's court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.

The Court finds the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u> and its progeny or based on an unreasonable determination of the facts.   Petitioner is not entitled to habeas relief on ground one.

## VI.   GROUND TWO

In ground two of the Petition, Petitioner contends his counsel performed deficiently because he failed to challenge a defective information which omitted the essential element of actual possession concerning the charge of aggravated battery with a deadly weapon.   Petition at 7.   Petitioner notes this count was vacated on direct appeal.   <u>Id</u>.

Petitioner's claim raised in ground two has no merit.   The 1st DCA reversed the conviction for aggravated battery with a deadly weapon.   Ex. 7 (Doc. 7-7).   Therefore, Petitioner does not stand convicted of aggravated

battery with a deadly weapon.   As such, he is not entitled to habeas relief on this ground.[4]

To the extent Petitioner is re-raising the claim he presented to the circuit court in his Rule 3.850 motion, he is not entitled to relief.   The circuit court summarized Petitioner's claim:

> Defendant claims that counsel was ineffective in failing to move to dismiss the information because it failed to allege actual possession of a deadly weapon, and in failing to object to the verdict form because it did not include a special interrogatory verdict as to actual possession.   He claims that the deadly weapon allegation reclassified his offense from a second-degree felony to a first-degree felony, and if counsel had moved to dismiss the information, the Court would have been required "to remove the 'deadly weapon' reclassification[.]" (Defendant's Motion, p. 14-15).   He further alleges that the verdict form's failure to contain an interrogatory verdict as to actual possession, as well as the jury instructions which failed to require actual possession, constitute fundamental error.

Ex. 37 (Doc. 7-37 at 43).

As noted by the state court, the reclassification of the offense charged in count two was based on the offense being committed in a detention facility, not based on the use of a deadly weapon.   Id.   However, the Court will decline to give deference to the state court's ultimate decision on this ground because the

_____

4 Notably, Petitioner does not present any argument in support of ground two in his Reply (Doc. 15).

circuit court opined: "Defendant's crime in Count 2 did not require any finding of use of a deadly weapon[.]" Id. The 1st DCA affirmed per curiam. Ex. 38 (Doc. 7-38). Upon review, the jury had to find Petitioner used a deadly weapon as the jury was instructed that the use of a deadly weapon constituted one of the three elements of the offense of aggravated battery in a detention facility. However, to the extent a *de novo* review must be undertaken, Petitioner is not entitled to habeas relief. An explanation follows.

The information charged both aggravated battery with a deadly weapon and aggravated battery in a detention facility. Ex. 2 (Doc. 7-2 at 21-22). The first count charged Petitioner with knowingly committing a battery upon James Boyd, by actually and intentionally touching or striking James Boyd against his will and in committing the battery using a deadly weapon, contrary to Fla. Stat. § 784.045(1)(a)2. Ex. 2 (Doc. 7-2 at 21). The second count charged that while being detained in a prison, jail or other detention facility, Petitioner committed an aggravated battery upon detainee James Boyd, contrary to the provisions of Fla. Stat. § 784.082(1). Ex. 2 (Doc. 7-2 at 21).

As such, Petitioner certainly had sufficient notice of the crimes for which he was being charged and tried.[5] Of course, the record shows the 1st DCA

---

5 As previously noted, the 1st DCA reversed the conviction for aggravated battery with a deadly weapon on double jeopardy grounds. As such, Petitioner does not stand convicted of degree variants of the same offense.

reversed the conviction for count one.   As far as count two of the information,

aggravated battery in a detention facility, the record shows the trial court

charged three elements:

> One, Donald Lamar Green intentionally touched or struck James Boyd against his will; two, Donald Lamar Green, in committing the battery, **used a deadly weapon** and, three, Donald Lamar Green was detained in a facility.

> A deadly weapon has been previously defined.

Ex. 3 (Doc. 7-3 at 134-35) (emphasis added).

Although aggravated battery is a felony of the second degree, if a person

commits the felony in a detention facility upon another detainee, the offense is

reclassified as a felony of the first degree.   Fla. Stat. § 784.082.   As Petitioner

was convicted of committing the crime in a detention facility, his sentence for

committing aggravated battery in a detention facility was justifiably and

lawfully elevated to a felony of the first degree.   Ex. 42 (Doc. 7-42 at 82-87).

Furthermore, the court lawfully sentenced him to an extended term, a life

sentence, as an habitual felony offender.   Id. at 85-87.

Notably, the offense in count two was not reclassified based on the use

of a deadly weapon.   It was reclassified because the attack occurred in a

detention facility.   Therefore, Petitioner's counsel did not perform deficiently

for failure to challenge count two of the information.   Additionally, Petitioner

15

has not demonstrated he was prejudiced by any failure of counsel to object to the information. Even assuming count two of the information had been objected to by defense counsel and then dismissed by the court, the state would have simply cured any deficiency by filing a new information.

In sum, the record shows the court properly instructed the jury as to the offense of aggravated battery in a detention facility. A person commits aggravated battery who, in committing battery, "uses a deadly weapon." Fla. Stat. § 784.045 (no contention or argument was ever made that Petitioner intentionally or knowingly caused great bodily harm, permanent disability, or permanent disfigurement). As noted by the 1st DCA, "[[u]nder the clear language of section 784.082, aggravated battery with a deadly weapon and aggravated battery with a deadly weapon by one detainee upon another **are degree variants of the same offense, not separate offenses**." Green, 84 So. 3d at 357 (emphasis added).

Finally and alternatively, to the extent this claim presents an issue purely of state law, asking this Court to interpret Florida law, the claim is not cognizable on federal habeas review as it is not a claim of constitutional dimension that Petitioner is in custody in violation of the Constitution or law or treaties of the United States. 28 U.S.C. § 2254(a). Of import, the writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-

16

created rights." Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (per curiam)), cert. denied, 531 U.S. 1170 (2001).

This Court will not reexamine state-court determinations on issues of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). As the Eleventh Circuit has instructed, "state law is what the state courts say it is." Pinkney v. Sec'y, DOC, 876 F.3d 1290, 1299 (11th Cir. 2017), cert. denied, 139 S. Ct. 193 (2018). Indeed, "it is not a federal court's role to examine the propriety of a state court's determination of state law." Id.

Florida courts are the expositors of the state's laws. This Court's role does not include reexamining state-court determinations on state-law questions. As such, a federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate. McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992). To the extent Petitioner's claim raised in ground two presents an issue that is not cognizable in this habeas proceeding, it cannot provide a basis for federal habeas corpus relief. Furthermore, the Court finds there is no breach of a federal constitution mandate and Petitioner is not entitled to federal habeas relief. Therefore, ground two is due to be denied.

17

## VII.   GROUND THREE

In his third ground for relief, Petitioner claims his counsel was ineffective for failure to challenge the "state's identity of victim" as the victim refused to cooperate, refused to be deposed, and refused to testify in court. Petition at 8.   In his Rule 3.580 motion, Petitioner alleged counsel was ineffective for failure to argue in his motions for judgment of acquittal that the state failed to prove the identity of the victim by failing to offer Boyd's inmate number, driver's license number, or social security number and that simply offering Officer's Hixson's testimony was insufficient to establish identity. Ex. 7 (Doc. 7-37 at 22).   Petitioner contends the state's efforts to prove identity were insufficient to establish identity of the victim.   Id.

The circuit court, in rejecting this claim, concluded that the state is not required to prove identity by using physical documentation.   Id. at 45.   The court found Hixson's testimony that he knew Boyd as an inmate at the jail where Hixson worked sufficient to satisfy identity of the victim.   Id.   This is particularly so since identity of the victim was not a contested issue at trial. Id.

Indeed, the record demonstrates that the state presented video evidence showing the victim being attacked by Petitioner in the recreation yard of the jail.   Ex. 3 (Doc. 7-3 at 27).   Officer Hixson attested that while performing his

18

duty as a detention officer, he observed Petitioner stabbing Boyd.  Id. at 37.
Additionally, the state had the videotape of the incident played for the jury.
Id. at 42-43.   On cross examination, Officer Hixson testified he was aware that
Boyd and Petitioner were housed in the same location of the detention facility
and would have been in the same food line for meals.  Id. at 47.

The circuit court rejected Petitioner's claim finding neither deficient
performance nor prejudice.   Ex. 37 (Doc. 7-37 at 45).   In doing so, the court
found the state presented "sufficient competent evidence of the victim's
identity" and "any motion for judgment of acquittal by defense counsel . . .
would have been denied."  Id.   Based on the trial court's ruling, it is obvious
that any motion for judgment of acquittal by defense counsel on the ground of
insufficient evidence of the identity of the victim would have proved
unsuccessful in light of the circuit court's ruling.

Upon review, the state court made its findings, applied the Strickland
standard of review, and denied relief.   The court appropriately applied the
Strickland standard.   It did not unreasonably determine the facts.   The court
found trial counsel performed within the bounds of reasonable competent
counsel and Petitioner was not prejudiced by any failure of counsel to raise the
matter in his motions for judgment of acquittal.   The state court's ruling was

not contrary to and did not involve an unreasonable application of clearly established federal law.

Petitioner has failed to satisfy the two-pronged <u>Strickland</u> standard of review and is not entitled to relief on this claim. The 1st DCA's decision, although unexplained, is entitled to AEDPA deference. Applying the look through presumption described in <u>Wilson</u>, the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. In brief, the state court's adjudication of the claim is not contrary to or an unreasonable application of <u>Strickland</u> and its progeny or based on an unreasonable determination of the facts. Therefore, ground three is due to be denied.

## VIII.   GROUND FOUR

In his fourth ground, Petitioner claims his counsel was ineffective for failure to object to the prosecutor's opening statement that the incident started over the victim skipping line. Petition at 10. Petitioner contends there was no testimony supporting this assertion, either by deposition or in testimony at trial. <u>Id</u>.

This claim has no merit. It was defense counsel, Owen Schmidt, not the prosecutor, who said in opening statement, "I think the evidence will show that there was a disagreement about cutting in the chow line in the pod[.]" Ex. 3

(Doc. 7-3 at 18).   Mr. Schmidt continued, "[t]here was a disagreement about people cutting in front of other people and what you will see at the close of the evidence, you will see that this was a disagreement that they took to the recreation field.   You will see that it was a mutual fight[.]" Id. at 18-19.

Alternatively, to the extent Petitioner is contending defense counsel was ineffective for arguing that the incident on the recreation field was the result of a disagreement that started earlier in the day when Boyd broke in front of Petitioner in the chow line, Petitioner is not entitled to habeas relief.   He raised a comparable claim in ground four of his post-conviction motion, Ex. 37 (Doc. 7-37 at 23), the court denied relief, and the 1st DCA affirmed.

In denying the Rule 3.850 motion the circuit court noted that defense counsel was faced with the admission of Petitioner's post-Miranda[6] statement. Ex. 37 (Doc. 7-37 at 46).   See Ex. 2 (Doc. 7-2 at 31) ("The suspect was mirand[i]zed and the suspect advised me that the victim broke line in front of him at chow today.").   As far as the assertion that defense counsel failed to establish that Boyd and Petitioner lived in the same dorm or wing of the jail, based on the transcript of the trial, defense counsel, on cross-examination of

---

6 Miranda v. Arizona, 384 U.S. 436 (1966).

21

Officer Hixson, readily established that Petitioner and Boyd were housed in the same location.   Ex. 3 (Doc. 7-3 at 47).

To the extent Petitioner is contending defense counsel was ineffective for failure to follow through and present any evidence to support the comments made in the opening statement, the record demonstrates that there was sufficient evidence of the dispute presented at trial.   The circuit court found since the evidence was presented in the state's case, there was no need for defense counsel to present additional evidence of the earlier dispute.   Id. at 49.

Indeed, the record shows the state called Officer Jeremy Moran.   Id. at 66.   Officer Moran testified he gave Petitioner his Miranda warnings and thereafter, Petitioner told him "the victim broke in line at chow today and that they were in the recreation field and he walked up behind the victim and hit him in the back of the head, struck him in the back of his head with his fists[.]" Id. at 70-71.   On cross-examination, defense counsel asked Officer Moran if Petitioner told him he never stabbed the victim with a sharp object.   Id. at 74. Officer Moran responded affirmatively.   Id.

In this case, there were considerable obstacles facing defense counsel in putting on a convincing defense.   As noted by the circuit court, the crime was captured on video, the identity of the participants was not an issue, there was

22

an eyewitness to the attack, and the court had denied the motion to suppress Petitioner's statement.   Ex. 2 (Doc. 7-2 at 65).   As such, defense counsel attempted "to convince the jury that there was a legal justification for Defendant's actions[.]" Ex. 37 (Doc. 7-37 at 47).

Finally, "Defendant is unable to demonstrate that if he had taken the stand and testified that he and Boyd had engaged in mutual combat on the recreation field, the outcome of his trial likely would have been different."   Id. at 49.   Petitioner had six prior felony convictions, meaning if he had elected to take the stand, the jury would have heard about Petitioner's extensive criminal record.   Id.   Thus, it was not unreasonable for counsel to advise Petitioner not to take the stand.   Id.   Also, based on Petitioner's statement to the authorities, the videotape evidence, and the testimony of the state's eyewitness to the attack, even if Petitioner had taken the stand to state he had engaged in mutual combat, the outcome of his trial would likely not be different.

Faced with the above, "counsel's pursuance of a mutual combat defense was reasonable given the State's evidence."   Id. at 47.   Under these circumstances, counsel's performance was well within the bounds of reasonable professional assistance.   Petitioner could not prevail on his claim of ineffective assistance of counsel as he did not satisfy the performance prong of Strickland nor did he satisfy the prejudice prong.   Id. at 49.   The record

supports the state courts' conclusions as counsel's performance was well within the broad range of reasonable assistance under prevailing professional norms and Petitioner failed to satisfy the prejudice prong as well.

The Court finds the state court's determination is consistent with federal precedent.   Ex. 38 (Doc. 7-38).   As such, AEDPA deference is due.   In applying the look-through presumption described in <u>Wilson</u>, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law.   Thus, the 1st DCA's adjudication of the claim is not contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts.

Petitioner has not satisfied the two-pronged <u>Strickland</u> standard.   As the threshold standard has not been met, Petitioner has failed to demonstrate that his counsel was ineffective.   Thus, he has failed to demonstrate a Sixth Amendment violation under the United States Constitution.   Therefore, ground four is due to be denied.

## IX.   GROUND FIVE

In his fifth ground, Petitioner contends his counsel was ineffective for failure to object to the introduction of the videotape on the basis that the state failed to establish authenticity, originality, clarity, or chain of custody. Petition at 12.   Petitioner raised a comparable claim in his Rule 3.850 motion,

and the circuit court denied post-conviction relief finding Petitioner neither alleged nor showed probable tampering with the video.   Ex. 37 (Doc. 7-37 at 50).

In its decision, the court rejected Petitioner's contention that the state failed to establish authenticity, noting that Sergeant Ephron Banks provided testimony about the jail's video surveillance system, how the videos are produced and kept in the normal course of business, and the fact the video played at trial was the same one downloaded from the jail's system.   Id.   As such, the circuit court concluded that even if counsel had sought to suppress the video based on lack of authenticity, the motion would have been unsupported as the authenticity of the videotape "was well established."   Id.

Upon review of the transcript of the proceedings, Sergeant Banks provided testimony supporting authenticity of the videotape.   Ex. 3 (Doc. 7-3 at 25-27.   Therefore, even if counsel had objected to the admission of the videotape, such an objection would have been unsuccessful.

As for clarity, the circuit court found that issue goes to weight, not admissibility.   Ex. 37 (Doc. 7-37 at 50-51).   Consequently, if counsel had objected on the basis of poor quality, the objection would have been overruled.

To the extent Petitioner complains about a deficient showing of chain of custody, the record shows Sergeant Banks explained that the jail has a system,

his duty is to monitor that system, the videos are kept and saved in the course of the Sheriff's business, Sergeant Banks downloaded the video and marked it with his initials on the tag, he confirmed those were his initials on the tag, and finally, he viewed the videotape the day before trial and confirmed that it is a true and accurate depiction in the format he downloaded from the Sheriff's surveillance video system.   Ex. 3 (Doc. 7-3 at 25-27).   Therefore, "there was no basis for counsel to object to the admission of the videotape[.]" Ex. 37 (Doc. 7-37 at 51).

The 1st DCA affirmed the decision of the circuit court denying post-conviction relief on ground five of the Rule 3.850 motion.   Ex. 38 (Doc. 7-38). Therefore, there is a qualifying state court decision.   In this case, AEDPA deference is due.

Here, the state court properly applied the two-pronged Strickland standard of review; therefore, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254 (d) (a).   After reviewing all of Petitioner's contentions, the Court finds Petitioner has failed to show that the state court unreasonably applied Strickland or made an unreasonable determination of the facts.   The state court was objectively reasonable in its inquiry and the 1st DCA's adjudication of the claim raised in ground five is not contrary to or an unreasonable application of Strickland and its progeny or based on an

unreasonable determination of the facts.   Therefore, ground five is due to be denied.

## X.   GROUND SIX

In ground six, Petitioner raises a claim that counsel's failure to object to Nurse Valerie Thompson's hearsay remarks concerning what Mr. Boyd said to her during medical treatment as to the cause of his injuries amounted to deficient performance of counsel in violation of the Sixth Amendment. Petition at 12.   Petitioner included this contention in his Rule 3.850 motion. The circuit court denied this ground and the 1st DCA affirmed the circuit court's decision.

The record shows Ms. Thompson testified she is a nurse at the Pretrial Detention Facility.   Ex. 3 (Doc. 7-3 at 60).   She treated Mr. Boyd for his injuries on April 15, 2010.   Id. at 61.   Upon inquiry as to the cause of his injuries, Ms. Thompson testified that Mr. Boyd told her, "I was shanked."   Id. Defense counsel objected, and the prosecutor told the court the statement falls within the medical diagnosis exception.   Id.   The court overruled defense counsel's objection.   Id. at 62.

In his Rule 3.850 motion, Petitioner complained that his counsel did not offer up a proper objection by failing to object on the basis that the nurse's comments were made in violation of the Confrontation Clause.   Ex. 37 (Doc.

7-37 at 30).   He submits that had counsel done so, a motion for mistrial would have been granted or the issue preserved for appellate review.   Id. at 31.   The court denied this claim finding the rationale underlying the hearsay rule is that hearsay statements violate the Confrontation Clause unless the comments fall under an exception to the hearsay rule.   Id. at 51-52.

Of import,

> The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." We have held that this bedrock procedural guarantee applies to both federal and state prosecutions. Pointer v. Texas, 380 U.S. 400, 406, 85 S. Ct. 1065, 13 L.Ed.2d 923 (1965). As noted above, Roberts[7] says that an unavailable witness's out-of-court statement may be admitted so long as it has adequate indicia of reliability—i.e., falls within a "firmly rooted hearsay exception" or bears "particularized guarantees of trustworthiness." 448 U.S., at 66, 100 S. Ct. 2531.

Crawford v. Washington, 541 U.S. 36, 42 (2004).

The circuit court found Boyd's statement made to Nurse Thompson and Thompson's testimony concerning the statement was admissible under the hearsay exception for statements made for purposes of medical diagnosis or treatment.   Ex. 37 (Doc. 7-37 at 52).   As such, the court found, "defense

---

[7] Ohio v. Roberts, 448 U.S. 56 (1980), abrogated by Crawford.

counsel was not ineffective in failing to make any further argument when he objected to Thompson's testimony." Id.

In Florida, there is an exception to the hearsay rule concerning statements for purposes of medical diagnosis or treatment as there is an assumption that a person seeking medical help has a strong motivation to be truthful based on the desire for effective treatment. Williams v. State, 865 So. 2d 17, 19 (Fla. 4th DCA 2003). See Fla. Stat. § 90.803(4). The circuit court found Nurse Thompson's testimony was admissible under this exception. Therefore, counsel was not ineffective for failure to make a further objection or argument or seek a mistrial. Counsel's original hearsay objection was based on confrontation rights; therefore, he did not need to expand or change his argument since the objection encompassed a claim that Thompson's testimony about Boyd's statement violated the Confrontation Clause. Of importance, the trial court overruled the objection, finding the testimony admissible under the stated exception.

The 1st DCA affirmed the decision of the circuit court denying post-conviction relief on ground six of the Rule 3.850 motion. Therefore, there is a qualifying state court decision. In this case, AEDPA deference is due.

Trial counsel's performance was well within the broad range of reasonable assistance under prevailing professional norms. He objected to

29

the hearsay statement and the trial court overruled counsel's objection based on an exception to the hearsay rule. In rejecting the claim of ineffective assistance of counsel, the trial court applied the two-pronged Strickland standard of review. As such, Petitioner cannot satisfy the "contrary to" test of 28 U.S.C. § 2254(d)(1) as the state court rejected Petitioner's claim based on Strickland.

In applying the look-through presumption of Wilson, the Court finds the state court's ruling is based on a reasonable determination of the facts and a reasonable application of the law. Indeed, the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland and its progeny or based on an unreasonable determination of the facts.

In short, Petitioner has failed to demonstrate a Sixth Amendment violation under the United States Constitution. Therefore, he is not entitled to federal habeas relief on ground six of the Petition.

## XI.   GROUND SEVEN

In his seventh and final ground, Petitioner raises a claim of ineffective assistance of counsel for failure to raise all of the claims raised in the Petition in a motion for new trial. Petition at 13. The circuit court in addressing Petitioner's post-conviction contention that defense counsel performed

deficiently by failing to raise certain grounds in a motion for new trial, repeated

the grounds Petitioner claims should have been raised:

> 1) the trial court erred in allowing unrelated weapons into evidence; 2) the information and verdict forms were defective because they failed to require a finding of actual possession of a deadly weapon; 3) the State failed to present sufficient evidence of the identity of the victim; 4) the video of the crime was introduced without establishing chain of custody or authenticity; 5) the denial of the hearsay objection to Thompson's testimony about Boyd's statement that he was shanked; and 6) the improper introduction of Defendant's statement to police.

Ex. 37 (Doc. 7-37 at 53).

In denying Petitioner's seventh ground, the circuit court held:

> As for the sixth point that Defendant claims counsel should have included in the motion for new trial, the Court notes that counsel did indeed allege in his motion for new trial that the Court had erred in denying the motion to suppress Defendant's statement (Exhibit H).  As for the remaining five points that Defendant argues counsel should have included in his motion for new trial, Defendant has raised all of those claims in his postconviction motion, and the Court has found all of them to be without merit.  Therefore, Defendant is unable to demonstrate either the prejudice or the performance prongs of the Strickland test, and he is not entitled to relief.

Id.

The record demonstrates defense counsel did file a motion for new trial

seeking a new trial based on the following grounds:  (1) the court erred in

denying defendant's motion for judgment of acquittal made at the close of the state's case; (2) the court erred in denying defendant's motion for judgment of acquittal made at the close of all the evidence; (3) the verdict is contrary to the weight of the evidence; (4) the verdict is contrary to the law; and (5) **the court erred in denying defendant's objection to the admissibility of defendant's statements to Officer Moran**.   Ex. 2 (Doc. 7-2 at 102-103) (emphasis added).   The trial court denied the motion for new trial.   Id. at 115; Ex. 4 (Doc. 7-4 at 14).

The circuit court on post-conviction review was correct in finding that counsel did contend in the motion for new trial that the trial court had erred in denying the motion to suppress Defendant's statement.   See above. Therefore, counsel cannot be ineffective for failure to pursue a claim that he actually raised in the motion for new trial.

Of import, the circuit court addressed all of the claims raised in Petitioner's post-conviction motion and denied relief.   Apparently, Petitioner is attempting to re-raise these underlying claims under the guise of a claim of failure to raise the same claims in a motion for new trial.   As noted by the

circuit court, "the Court has found all of them to be without merit."[8]   Ex. 37 (Doc. 7-37 at 53).

The circuit court found neither the performance nor prejudice prongs of Strickland were met in this instance.  Id.  The 1st DCA affirmed.  Ex. 38 (Doc. 7-38).   In essence the state court found counsel's performance did not fall below an objective standard of reasonableness and determined there is no reasonable probability that, but for counsel's actions or omissions in the motion for new trial, the result would have been different.

The 1st DCA's adjudication of this claim is not contrary to or an unreasonable application of Strickland or based on an unreasonable determination of the facts.   Therefore, ground seven is due to be denied.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2.   This action is **DISMISSED WITH PREJUDICE**.

3.   The **Clerk** shall enter judgment accordingly and close this case.

---

8  The Eleventh Circuit has opined, "to the extent that [a] claim of cumulative error was based on his claims of ineffective assistance of counsel, this claim fails because, as discussed above, counsel did not render ineffective assistance, and, therefore, there can be no cumulative error."  Pierre v. United States, No. 18-12038-A, 2019 WL 5967873, at *2 (11th Cir. May 30, 2019) (citing United States v. Gamory, 635 F.3d 480, 497 (11th Cir. 2011) (if no error or only a single error, there can be no cumulative error)).

4.    If Petitioner appeals the denial of his Petition (Doc. 1), **the Court denies a certificate of appealability.**[9]   Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.

Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this _____ day of December, 2021.

_____
UNITED STATES DISTRICT JUDGE

sa 12/1
c:
Donald Lamar Green
Counsel of Record

---

[9] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

34